This is a suit for divorce on the ground of adultery in which Patrick O'Neil, the appellant, is the plaintiff, and Katherine A. O'Neil the defendant. The appeal in No. 18 is from a decree dismissing the bill of complaint; and in No. 40 from an order directing plaintiff to pay to defendant's counsel of record a fee of $250.
The defendant denies the charges and in addition avers that plaintiff visited her home subsequent to the filing of the bill and resumed marital relations. The plaintiff for proof of adultery relies upon the testimony of two witnesses; one the alleged paramour, and the other an intimate friend of the chief witness. As to both the alleged offense and, if proved, its condonation, the result depends entirely upon the credibility of the witnesses of the respective parties. The chancellor dismissed the bill of complaint. He apparently was not impressed with the character of plaintiff's two main witnesses. These witnesses evidently were trying to do all that was expected of them. The alleged paramour undertook to prove the existence of criminal relations between himself and the defendant extending over a period of three years, during most of which time he knew she was the wife of the plaintiff. For much of this time, he said, the carnal acts occurred regularly several times a week, and they continued down to March, 1930. So far as appears there was no break in his friendly relations with the defendant. One would suppose that an otherwise decent man, if the relations he swore to really existed, would expose the conduct of the *Page 295 
woman most unwillingly and only under compulsion. Yet this man was a most cheerful witness, and was even willing to persuade his friend, who appeared without summons, to back up his testimony. The manner of life of both these witnesses was degraded, their testimony in many respects improbable and conflicting. As to all material facts they were positively contradicted by the defendant, and, in many important matters, by other witnesses.
As was said in Mazeika v. Mazeika, 143 Md. 581, 123 A. 71: "The evidence produced by plaintiff and that produced by the defendant being in irreconciliable conflict, the conclusion of the chancellor, who had the opportunity of seeing the witnesses and observing their conduct and demeanor on the witness stand, should not be disturbed unless there has been obvious error." And in Allen v. Allen, 142 Md. 701, 121 A. 926: "The finding of the trial court on a question of fact in reference to an asserted cause for divorce should not be disturbed unless the appellate court is able to say that such finding is clearly wrong." See also Heany v. Heany, 137 Md. 691, 114 A. 926; Klein v. Klein,146 Md. 27, 125 A. 728.
The chancellor did not file an opinion, and it cannot be certainly determined whether he based his decision on absence of satisfactory proof of the offense charged, or the presence of satisfactory proof of condonation. On whichever of these issues he based his decision, it necessarily rested on a finding of fact; and in either case we are unable to say his finding was wrong.
In the matter of counsel fee: While we might not have allowed as large a fee as was allowed defendant's counsel, we are unable to say that it was so excessive as to justify our disturbing the finding of the chancellor.
In No. 18, decree affirmed, with costs to appellee.
In No. 40, order affirmed, with costs to appellee. *Page 296